IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DAVID L. DANIELS                                                        PLAINTIFF

v.                      Civil No. 06-5121

CPL. REAMS; and
OFFICER HERNANDEZ                                      DEFENDANTS

## **ORDER**

This civil rights action was filed *in forma pauperis* (IFP). On November 5, 2007, plaintiff, who is unrepresented, filed a motion for appointment of counsel (Doc. 33).

"Indigent civil litigants do not have a constitutional or statutory right to appointed counsel." *Edgington v. Missouri Dept. of Corrections*, 52 F.3d 777, 780 (8th Cir. 1995)(citation omitted). Rather, when an indigent prisoner has pleaded a nonfrivolous cause of action, a court '*may*' appoint counsel." *Phillips v. Jasper County Jail*, 437 F.3d 791, 794 (8th Cir. 2006)(*citing* 28 U.S.C. § 1915(e)(emphasis added)).

In determining whether to appoint counsel, the court should consider: "the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments." *Phillips*, 437 F.3d at 794 (citation omitted).

In his motion, plaintiff states he has no knowledge of the law and is unable to do his own litigation because of his learning disabilities. He attaches to his motion an affidavit from an attorney who helped him with an application for Supplemental Security Income.

The affidavit indicates plaintiff alleged he suffered from chronic back pain, asthma, and

psychological disorders. The affidavit further indicates that a "me[n]tal status evaluation" performed by Dr. Donna Van Kirk "conformed to information" plaintiff gave. The affidavit indicates other evidence showed plaintiff has a serious back condition. Also attached is what appears to be plaintiff's disability report he prepared for the Social Security Administration and the report of an attempted evaluation by Dr. Van Kirk. Dr. Van Kirk was unable to perform her evaluation because of plaintiff's behavior on the date of the examination.

Turning to an examination of the filed in this case, it appears clear the plaintiff has been able to adequately set forth his claims (Doc. 1). He has filed a variety of documents including a motion for jury trial (Doc. 4), motions for protective orders (Doc. 14, Doc. 17), a motion to amend his complaint (Doc. 25), a response to defendants' summary judgment motion (Doc. 26)(a questionnaire was provided by the court), and objections to the report and recommendation of the undersigned (Doc. 31).

The case is scheduled for a hearing. Plaintiff has been advised that if he will file a witness list with the court providing the court with certain information specified in the court's scheduling order, the court will assist the plaintiff by issuing writs and subpoenas for necessary witnesses.

There is no indication plaintiff is unable to represent himself. The motion for appointment of counsel (Doc. 33) is denied.

IT IS SO ORDERED this 16th day of November 2007.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE